Petition of LEUTHOLD.

No. 8923.

United States District Court,
D. New Jersey.

Dec. 1, 1953.

Claus Wolfgang Leuthold, pro se.

James P. Morgan, Herbert M. Levy, New York City, Designated Naturalization Examiners, for the Government.

FORMAN, Chief Judge.

The petitioner, Claus Wolfgang Leuthold, is a native and a citizen of the Free State of Danzig. He enlisted in the United States Army, while in Europe, on September 5, 1952.

He entered the United States on November 9, 1952, pursuant to military orders.

On October 26, 1953, the applicant filed his petition for naturalization under the provisions of the Act of June 30, 1953, Public Law 86, 83d Congress, Chapter 162, 1st Session (H.R. 4233).[1]

Under the last stated law Congress sought to enact legislation which was designed to give a preference in natural-ization to alien soldiers who entered the Armed Forces within the period after June 24, 1950 and not later than July 1, 1955. After ninety days of active service they are eligible for naturalization upon compliance with all of the requirements of the Immigration and Naturalization Act, 8 U.S.C.A. § 1101 et seq., except for certain specifications, provided they have been admitted to the United States lawfully for permanent residence, or having been admitted to the United States lawfully, have been physically present within the United States for a single period of at least one year at the time they entered the Armed Forces.

The petitioner entered the United States on orders of the Armed Forces of which he was a member. His entry, however, was not for permanent residence but at the command of his superior officers. At the time he entered the Armed Forces he was in Europe and had not been in the United States so that he cannot fulfill the requirement that he was physically present within the United States for at least one year in a single period at the time he entered the Armed Forces. Hence he is not eligible for the benefits provided under this law.

The authority for his entrance into the Armed Forces of the United States is to be found in a Congressional enactment, approved June 30, 1950, sometimes called the Lodge Act. It provided for the recruitment until June 30, 1953 into the Regular Army for periods of not less than five years of 2,500 qualified unmarried male aliens to be integrated into established units of citizen soldiers

---

1. "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That: Notwithstanding the provisions of sections 310(d) and 318 of the Immigration and Nationality Act, any person, not a citizen, who, after June 24, 1950, and not later than July 1, 1955, has actively served or actively serves, honorably, in the Armed Forces of the United States for a period or periods totaling not less than ninety days and who (1) having been lawfully admitted to the United States for permanent residence, or (2) having been lawfully admitted to the United States, and having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces, may be naturalized on petition filed not later than December 31, 1955, upon compliance with all the requirements of the Immigration and Nationality Act, except that— * * *." 8 U.S.C.A. § 1440a.

and not segregated into separate organizations for aliens. C. 443, P.L. 597, 81st Congress, Second Session.[2]

By this legislation the privilege of qualification for citizenship, given to members of the Armed Forces who served during World War I and World War II, in c. 360, P.L. 567, 80th Congress, Second Session, 62 Stat. 281, was extended to those recruited under the Act of 1950 aforesaid. The particular provision governing petitioner's enlistment on September 5, 1952 is codified in the Immigration and Nationality Act, approved June 27, 1952, and is as follows:

"Naturalization Of Aliens Enlisted In Regular Army. Act June 30, 1950, c. 443, § 4, 64 Stat. 316, as amended section 402(e) of Act June 27, 1952, provided that: 'Notwithstanding the dates or periods of service specified and designated in section 329 of the Immigration and Nationality Act (this section), the provisions of that section are applicable to aliens enlisted or reenlisted pursuant to the provisions of this Act (Act June 27, 1952) and who have completed five or more years of military service, if honorably discharged therefrom. Any alien enlisted or reenlisted pursuant to the provisions of this Act (Act June 27, 1952) who subsequently enters the United States, American Samoa, Swains Island or the Canal Zone, pursuant to military orders shall, if otherwise qualified for citizenship, and after completion of five or more years of military service, if honorably discharged therefrom, be deemed to have been lawfully admitted to the United States for permanent residence within the meaning of such section 329(a) (subsection (a) of this section).'" 8 U.S. C.A. note following § 1440.

The explanation of the purpose of the original enactment under the amendment of which the petitioner was enlisted in the Army, as gleaned from the Senate and House Reports, is illuminating. From them we learn:

"What the proposal now amounts to is an initial attempt—in a very limited degree—to secure badly needed, highly specialized career military men from a heretofore unused source. If the program is found to be extremely successful, it can be enlarged at a later date. As indicated, the enlistees would be aliens at the time of their admission in the Army, but the principal inducement for their enlistment would be the privilege of acquiring United States citizenship after demonstrating their fitness by honorable service in our Armed Forces. They will not in any way be mercenaries. They are actually to be citizen candidates who, in return for the reward of United States citizenship, will offer their own quid pro quo in the form of honest, faithful service in the Army of the United States. Unlike a foreign legion, which is merely a business transaction, this plan will be a matter of give and take from both a tangible and intangible point of view. On our side we give the advantage of a better life with the *ultimate* reward of citizenship. The citizen candidate, on his part, gives us rare human talents in highly specialized fields that will certainly be of substantial value to our country. The committee emphasizes that personnel enlisted under this program must have excellent qualifications for military service and, particularly, they will be required to possess special technical capabilities.

"The bill will afford our Government the opportunity of securing an appreciable number of badly needed, skilled military specialists and technicians who should make excellent American citizens after they have been carefully screened, selected,

---

2. Amended to authorize up to 12,500, and extending recruitment period to June 30, 1955 in c. 144, P.L. 51, Title II, Sec. 21, 65 Stat. 89, 10 U.S.C.A. § 621c.

tried, and tested through *service* in our Armed Forces." (Italics supplied.) U.S.Code Cong.Serv. 81, Cong. 2nd Session, 1950, Legislative History, Vol. 2, at p. 2666.

 Again it is obvious that this petitioner may not be granted naturalization under this provision of the law until he has completed at least five years of military service and has earned an honorable discharge.

At the hearing the petitioner stated that he had entered into negotiations with the authorities of the United States for a visa to this country for permanent residence and had been assured that he was eligible for such permission. Circumstances, however, he said, prevented him from consummating his application and he subsequently enlisted in the Army abroad. Whether or not he can still obtain such permission to enter the United States and whether, if granted, he will then be brought within the provisions of the enactment of June 30, 1952, are questions the answers to which need not be anticipated now.

Meanwhile he is clearly not entitled to have his present petition for naturalization granted. Hence it will be dismissed without prejudice.

Let an order to that effect be entered.