**In re Fidencio Valenzuela ECHIVERRI, Petitioner for Naturalization.**

No. 14613.

United States District Court
D. Hawaii.

June 9, 1955.

N. W. Y. Char, Honolulu, Hawaii, for petitioner.

John J. Kelleher, Designated Naturalization Examiner for Assistant Commissioner, U. S. Immigration & Naturalization Service, Honolulu, Hawaii, for Government.

WIIG, District Judge.

Petitioner, Fidencio Valenzuela Echiverri, a native and citizen of the Republic of the Philippines, on February 3, 1954, filed his petition to be naturalized as a citizen of the United States pursuant to the provisions of 8 U.S.C.A. § 1440a, Act of June 30, 1953, ch. 162, 67 Stat. 108.[1] The petition alleges that the petitioner was lawfully admitted to the

---

1. Section 1440a provides in part:
    "Notwithstanding the provisions of sections 1421(d) and 1429 of this title, any person, not a citizen, who, after June 24, 1950, and not later than July 1, 1955, has actively served or actively serves, honorably, in the Armed Forces of the United States for a period or periods totaling not less than ninety days and

who (1) having been lawfully admitted to the United States for permanent residence, or (2) having been lawfully admitted to the United States, and having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces, may be naturalized on petition filed not later than December 31, 1955,

United States at San Diego, California, on December 21, 1946, on board the U.S.S. Everett F. Larson, and that he was an alien who actively served honorably in the United States Navy from March 1, 1946, to the date of the filing of his petition.

Echiverri was born in the Philippine Islands in 1921. He enlisted in the United States Navy at Subic Bay, Philippine Islands, on March 1, 1946, was received on board the U.S.S. Everett F. Larson (DD–830) for duty on October 28, 1946, and pursuant to official orders arrived at San Diego, California, aboard that vessel of war on December 21, 1946. Petitioner has never been inspected and examined by an immigration inspector,[2] nor has he ever had a United States consulate immigration visa authorizing his admission as a permanent resident.[3] However, at the time of his arrival in the United States, 8 C.F.R. § 175.48 (Supp.1947) provided in part as follows:

"The following classes of nonimmigrants are not required to present passports and permits to enter, inasmuch as the requirements thereof are waived in the following emergency cases:

"(j) An alien who is a member of the military or naval personnel serving in that capacity on a merchant vessel or a vessel of war, owned or operated by the United States * * *."

Also, at the time of his arrival a directive by the Chief of Naval Operations addressed to all ships and stations of the Naval Transportation Service and circulated to all immigration and naturalization officers by the Immigration and Naturalization Service was in effect, and provided in part:

"Non-military passengers are defined as all persons other than members of the Armed Forces of the United States traveling pursuant to military orders. It is pointed out that the term armed forces as used in this directive includes only members of the United States Army, Navy, Marine Corps and Coast Guard. * * * Where non-military passengers are transported to the United States, completion and submission of immigration and naturalization forms listed below are required. * * * No non-military passenger will be permitted to land in a United States port until his or her passport or other identification papers have been examined and cleared by the Immigration and Naturalization Service."

Petitioner had been physically present within the United States for a single period of at least one year prior to his reenlistment in the United States Navy at Davisville, Rhode Island, on December 29, 1949, and he had actively served honorably in the armed forces of the United States for a period of more than ninety days during the period of time prescribed by § 1440a. He has met all of the requirements for naturalization under that section if it is determined

upon compliance with all the requirements of this chapter, * * *."

2. In December 1946, 8 U.S.C.A. § 151 (now 8 U.S.C.A. § 1223(a, b), provided in part:

"Upon the arrival at a port of the United States of any vessel bringing aliens it shall be the duty of the proper immigration officials to go or to send competent assistants to the vessel and there inspect all such aliens, or said immigration officials may order a temporary removal of such aliens for examination at a designated time and place, but such temporary removal shall not be considered a landing, nor shall it relieve

vessels, the transportation lines, masters, agents, owners, or consignees of the vessel upon which said aliens are brought to any port of the United States from any of the obligations which, in case such aliens remain on board, would under the provisions of this subchapter bind the said vessels, transportation lines, masters, agents, owners, or consignees."

3. 8 U.S.C.A. §§ 146, 148, 151, 152, 203, 213, 215 and 221, now 8 U.S.C.A. §§ 1321, 1221, 1223, 1101, 1181, 1182, 1184, 1251, 1361, which were in effect in December 1946, are also cited in opposition to granting the petition. They are not deemed to be controlling in this case.

that he was lawfully admitted to the United States.

The court is of the opinion that at the time of petitioner's arrival he was not required to present a passport or other permit to enter the United States under 8 C.F.R. § 175.48 (Supp.1947), supra, and that there was an agreement between the Immigration and Naturalization Service and the United States Navy not to inspect alien military personnel traveling pursuant to official orders upon their arrival in the United States. Therefore, as to this petitioner there was a waiver of the inspection required by 8 U.S.C.A. § 151 and of any pertinent provisions contained in the laws cited in note 3. In this connection, it is conceded that it was not the practice of the immigration officers to board and inspect United States Naval vessels carrying only personnel of the armed forces of the United States at the time petitioner arrived in San Diego, California, and no effort has ever been made to inpect and examine petitioner.

No suggestion has been made that his admission to the United States was gained by any misrepresentation, concealment, fraud, or any other artifice. On the contrary, the record clearly discloses that at the time of his entry he was an enlisted man on an active duty status, acting pursuant to the orders of his superior officers, that his entry was authorized by the then effective regulations, and that as to him there was a waiver of inspection and examination as required by the above-mentioned statutes.

The court finds that petitioner was lawfully admitted to the United States on December 21, 1946, within the meaning of 8 U.S.C.A. § 1440a, and he is entitled to the preferential treatment for naturalization authorized by the Act of June 30, 1953, 8 U.S.C.A. §§ 1440a–1440d.[4] His petition for naturalization will be granted.

---

4. See Petition of Bozin, D.C.S.D.Cal.1947, 70 F.Supp. 5.