**Petition for Naturalization of Odilio Anthony ZAINO under Public Law 86, 83rd Congress, 8 U.S.C. § 1440a.**

No. 630206.

United States District Court
S. D. New York.

June 10, 1955.

Ferro & Cuccia, New York City, for petitioner.

William T. Kenville, of Immigration and Naturalization Service, New York City, for the United States.

DIMOCK, District Judge.

Petitioner was born in Italy of a father who, though born in the United States, had expatriated himself by taking the oath of allegiance to Italy when he entered the Italian army. Petitioner was admitted to the United States as a citizen in 1929. This admission appears to have been illegal because of an unfounded finding of citizenship though it is unnecessary to pass upon its legality as will hereinafter appear.

Petitioner lived in this country continuously until he entered the United States army on October 5, 1950. He served part of the time in Korea, until July 5, 1952, when he was honorably discharged.

Public Law 86, 83rd Congress, 67 Stat. 108, Tit. 8 U.S.C. § 1440a, provides for the naturalization, under conditions not in issue here, of any person not a citizen "who, after June 24, 1950,

---

and not later than July 1, 1955, has actively served \* \* \* honorably, in the Armed Forces of the United States for a period or periods totaling not less than ninety days and who \* \* \* (2) having been lawfully admitted to the United States, and having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces."

Petitioner, when he returned from Korea, in uniform, was "lawfully admitted to the United States," pursuant to Tit. 8, C.F.R. § 212.4, which reads as follows:

*"Additional classes of non-immigrants not required to present passports, visas or border crossing identification cards.* As provided in the Immigration and Nationality Act, the provisions of section 212(a) (26) of the Immigration and Nationality Act [8 U.S.C.A. § 1182(a) (26)] and of this chapter relating to the requirement of passports, visas and border crossing identification cards for non-immigrants do not apply in the cases of aliens who fall within any of the following categories:

"(a) An alien member of the armed forces of the United States who:

"(1) Is in the uniform of, or who bears documents identifying him as a member of such armed forces;

"(2) Has not been lawfully admitted for permanent residence; and

"(3) Is making application for admission to the United States under official orders or permit of such armed forces. \* \* \*"

See Petition of Leuthold, D.C.N.J., 116 F.Supp. 777; Petition for Naturalization of Barandiaran, D.C.S.D.N.Y., 123 F.Supp. 827.

The only other question presented is whether, to entitle such a petitioner to naturalization, his lawful admission to the United States must have preceded his year's physical presence and his entry into the Armed Forces. The statute, as literally read, makes no such requirement. The provision for naturalization in the ordinary case does, however, expressly make the requirement of lawful admission before the beginning of the required period of physical presence. It is provided in 66 Stat. 242, Tit. 8, U.S.C. § 1427(a): "(a) No person, except as otherwise provided in this subchapter, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing his petition \* \* \* has resided continuously, *after* being lawfully admitted for permanent residence, within the United States for at least five years \* \* \*." (Emphasis supplied.) This difference seems to me to be significant.

A Report of the House Judiciary Committee accompanied the bill which became Public Law 86, House Report No. 223, to Accompany H.R. 4233. It states that the Committee rejected a proposal that the status of the petitioner be required to have been lawful at the time of his entry into the Armed Forces. It must be conceded, however, that the Committee visualized the case where the lawful admission preceded the entry into the Armed Forces. The language used was "[w]hile lawful admission as an immigrant or nonimmigrant is held to be a prerequisite to naturalization under the terms of H.R. 4233, the committee is of the opinion that the technicalities involved in connection with the *continuance* of such status at the time of entering the Armed Forces would place an unwarranted burden on the serviceman and practically nullify the purpose of this legislation." (Emphasis supplied.) In spite of the fact that the Committee visualized the case of lawful presence becoming unlawful before entry into the Armed Forces, rather than what we have here, unlawful presence becoming lawful after entry into the Armed Services, the Committee's language does not limit the application of the statute to such a case. In the light of the liberal spirit of the enactment, I construe the statement in the Report as a mere example and not as an exclusion of the

case to which the Report did not refer where the lawful admission followed the year's physical presence. I cannot believe that the statute should not be applied, as its language permits, in the case of one unlawfully admitted to the United States, who lived there the required year before entering the Armed Forces, served the United States in Korea and was lawfully admitted to the United States again on his return. It is true that that construction, as a practical matter, makes foreign service the touchstone in many cases. That, however, I do not consider to be a defect.

The petition is granted.