**Petition for Naturalization of Demetrios BOUBARIS.**

United States District Court
S. D. New York.
Sept. 20, 1955.

Leo E. Ypsilanti, New York City, Edward Kroin, New York City, of counsel, for petitioner.

Morris Rifkin, New York City, for naturalization examiner.

EDELSTEIN, District Judge.

This petition for naturalization under Public Law 86, 83rd Congress, 67 Stat. 108, 8 U.S.C. § 1440a, 8 U.S.C.A. § 1440a, the applicant having served honorably in the Armed Forces of the United States, is before the court with a recommendation for denial by the Immigration and Naturalization Service.

In May of 1947, the applicant entered the United States lawfully on a seaman's leave, departing within six days. Subsequently, in July of the same year, he re-entered the country, this time unlawfully. He remained in the United States and in September of 1950 was inducted into the Army, serving almost a year and being separated under honorable conditions.

Public Law 86, under which petitioner otherwise qualifies by his Army service, provides for the naturalization of an applicant "(2) having been lawfully admitted to the United States, and having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces * * *." The recommendation of denial is based on a contention that these provisions of the statute have not been met, in that the single period of physical presence did not follow upon a lawful admission. The statutory language does not literally require physical presence immediately subsequent to a lawful entry, but it is perhaps susceptible to such a reading. Presumably, however, the Service does not contend that the petitioner's status at the time of induction into the Army must have been lawful. For House Report No. 223, 1953 (U.S.Code Cong. & Adm. News, 83rd Cong., 1953, Vol. 2, p. 1716, 1719) submitted in connection with the bill which became Public Law 86, specifically recites: "The proposal that the serviceman be required to have a lawful status at the time of entering the Armed Forces was not included in the bill." In re Apollonio, D.C., 128 F.Supp. 288; In re Zaino, D.C., 131 F.Supp. 456. Therefore, I gather the position of the Service to be that the single period of physical presence must commence immediately after a lawful entry, even though a part of that presence may be in an unlawful status. But such a position makes a distinction between unlawful

status resulting from unlawful re-entry and unlawful status resulting from unlawfully failing to depart. In a case where the issue involves the naturalization of one who has served honorably in the Armed Forces of the United States, that distinction is one which I find difficult to draw. Moreover, Judge Dimock, in the Zaino case, supra, held that under the statutory provisions here relevant, the requisite lawful entry may be made following the period of physical presence. Hence, I am not persuaded that the legislation requires a lawful entry and physical presence sequence in continuity. In any event, in the light of the liberal spirit of the enactment, I must resolve a possible doubt in favor of the petitioning ex-serviceman.

Accordingly, no other objection or impediment to his naturalization appearing, the petition will be granted.