**Petition for Naturalization of CHAN CHICK SHICK, also known as Chon Chich Shick or Shick Chon Chich.**

United States District Court
S. D. New York.
June 21, 1956.

Jerome J. Coin, New York City, for petitioner.

Morris Rifkin, Naturalization Examiner Department of Justice, New York City, for Immigration and Naturalization Service.

LEVET, District Judge.

The petitioner is a native and citizen of China. On March 5, 1951, while a member of the crew of a Panamanian vessel, he entered the United States as a non-immigrant pursuant to a twenty-nine day seaman's pass which was issued to him by the Immigration and Naturalization Service. Petitioner remained in the United States beyond the twenty-nine day period without authority until July 3, 1951, when he was served with a warrant for arrest in a deportation proceeding. He was charged with not possessing an immigration visa as required by the immigration laws and that, at the time he entered this country, he intended to reside here permanently. A deportation hearing was held and the hearing officer decided that the petitioner was not a bona fide seaman and that he was an immigrant who was not in possession of an immigration visa. This decision appears to rest upon the petitioner's sworn statement dated June 29, 1951, which was made before an investigator of the Immigration and Naturalization Service. Said statement contained the following question and typewritten answer:

"12—Q. What was your destination, for what purpose did you enter, and how long did you intend to stay?

"A. No destination in particular —to find work—to remain permanently."

In response to a question put to him by his counsel at the deportation hearing, petitioner denied that at the time he signed aboard the Panamanian vessel he intended to remain permanently in the United States. Petitioner answered that he first developed said intention after the ship arrived in New York. He testified at the hearing through an interpreter.

Petitioner was deported on February 4, 1952. He returned to the United States on April 1, 1952 as a seaman on a United States vessel, at which time he unlawfully entered this country. He remained physically present in the United States until May 4, 1953, when he was inducted into the United States Army. Petitioner served as a member of the Armed Forces for two years and was honorably discharged on May 3, 1955. A transcript of petitioner's honorable discharge indicates that while in service he received a National Defense Service Medal and a Good Conduct Medal.

Petitioner has testified in this proceeding that he is now able to speak English and that he did not understand the interpreter at the deportation hearing because the interpreter spoke a different dialect. He has also testified that it was not his intention to remain permanently in the United States when he first entered this country; it was then his intention to get a job aboard another vessel.

Naturalization is sought by the petitioner pursuant to Public Law 86, 67

Stat. 108, 8 U.S.C.A. § 1440a. This statute provides for the naturalization of an alien who was "lawfully admitted to the United States, and having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces * * *."

The Immigration and Naturalization Service recommends that the petition be denied on the ground that petitioner was not lawfully admitted to the United States during the statutory period immediately preceding his induction into the United States Army.

There is little or no dispute that petitioner's physical presence in the United States from April 1, 1952 until his induction into the Army on May 4, 1953, was unlawful. However, petitioner contends that the single period of physical presence as prescribed by the statute need not commence immediately after a lawful entry and that he was lawfully admitted to enter the United States on March 5, 1951. It is, therefore, argued by petitioner that his admission on March 5, 1951 and his physical presence in the United States from April 1, 1952 to May 4, 1953, were in compliance with the statutory requisites.

It is manifest that petitioner was lawfully admitted to the United States on March 5, 1951 for twenty-nine days pursuant to his seaman's pass. In re Apollonio, D.C.S.D.N.Y.1955, 128 F.Supp. 288, 290. The issue for determination by this Court is whether the single period of physical presence must commence immediately after said lawful entry.

It has been held in this district in In re Apollonio, supra, that the statute in question applies to non-immigrants who were lawfully admitted and that events subsequent to such admission which deprive the non-immigrant of his lawful status will not be sufficient to deny him of naturalization if he has served honorably in the Armed Forces. In the Apollonio case the applicant's physical presence prior to his induction into service was unlawful by reason of the fact that he remained in the United States beyond the twenty-nine days specified in his seaman's pass. It has also been held that a lawful admission within the meaning of the statute may occur subsequent to an applicant's unlawful physical presence of more than one year prior to his induction into service. In re Zaino, D.C.S.D.N.Y.1955, 131 F.Supp. 456.

The precise point at issue in the case at bar has already been answered in this district in In re Boubaris, D.C.S.D.N.Y. 1955, 134 F.Supp. 613, 614. There, the applicant entered the United States lawfully pursuant to a seaman's pass and departed six days later. Subsequently, he re-entered the country unlawfully and remained in the United States for more than one year until he was inducted into the Army. The applicant petitioned for naturalization upon his discharge from the Army. The Court granted his petition, stating that it was "not persuaded that the legislation requires a lawful entry and physical presence sequence in continuity."

In view of the liberal manner in which the Courts have interpreted 8 U.S.C.A. § 1440a, it is the opinion of this Court that the statutory period of physical presence need not commence immediately after the petitioner's lawful entry. Having been lawfully admitted to the United States, and having been physically present within the United States for a single period of at least one year at the time he entered the Armed Forces, petitioner may be naturalized pursuant to the statute in question.

There being no other objections or reasons for denying the petition for naturalization, said petition is granted.

The foregoing opinion constitutes this Court's Findings of Fact and Conclusions of Law.

So ordered.