**Petition for Naturalization of Seymour Werner FRANK.**

United States District Court
S. D. New York.
July 6, 1956.

Max Blecher, Jr., New York City, Sidney Roth, New York City, of counsel, for petitioner.

Morris Rifkin, Naturalization Examiner, New York City, Department of Justice, for Immigration and Naturalization Service.

LEVET, District Judge.

Petitioner had filed a petition for naturalization on June 1, 1955, pursuant to Public Law 86, 67 Stat. 108, 8 U.S.C.A. § 1440a, which provides as follows:

"Notwithstanding the provisions of sections 1421(d) and 1429 of this title, any person, not a citizen, who, after June 24, 1950, and not later than July 1, 1955, has actively served or actively serves, honorably, in the Armed Forces of the United States for a period or periods totaling not less than ninety days and who (1) having been lawfully admitted to the United States for permanent residence, or (2) having been lawfully admitted to the United States, and having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces, may be naturalized on petition filed not later than December 31, 1955, upon compliance with all the requirements of this chapter * * *."

Petitioner entered the United States for permanent residence on September 19, 1938. He obtained United States citizenship on June 6, 1944, by derivation

15.  Cinema Amusements, Inc., v. Loew's Inc., D.C.Del.1949, 85 F.Supp. 319, 326, 327.

through the naturalization of his mother. From 1944 to 1947, he served with the United States Maritime Service. In April, 1948, petitioner left the United States under a passport issued by the State Department. His passport was taken from him in Israel by the American Consul because it was claimed that he had voted in said country. He was expatriated in June, 1949 and a certificate of loss of nationality was issued on August 22, 1949.

An action was instituted in this Court in March, 1950, which sought a judgment declaring petitioner to be a citizen of the United States. Petitioner re-entered this country on June 28, 1950, with a certificate of identity under Section 503 of the Nationality Act of 1940 for the purpose of prosecuting his declaratory judgment action. During the pendency of said action, petitioner was inducted into the United States Army on April 30, 1951. He served until honorably discharged on April 11, 1953, the greater part of this time having been spent in Korea. The declaratory judgment action is still pending, although the United States Attorney has moved to dismiss the action on the ground that petitioner was not within the United States, as required by Section 1503(a) of Title 8 U.S.C.A., at the time his citizenship was revoked. The decision on the aforesaid motion is being withheld in accordance with a stipulation approved by the Court until the petition for naturalization is determined by this Court. For the purposes of this petition, petitioner's citizenship status is in doubt.

The Naturalization Examiner has recommended a denial of the petition on the sole ground that petitioner had not been physically present within the United States for a single period of at least one year at the time he entered the Armed Forces of the United States, as required by Section 1440a of Title 8 U.S.C.A.

It is clear that petitioner was lawfully admitted to the United States for permanent residence on September 19, 1938. It is also undisputed that petitioner lawfully resided in the United States from 1938 until he departed to go abroad in 1948. It is further conceded that petitioner has served actively in the United States Armed Forces for more than ninety days during the period between June 24, 1950 and July 1, 1955, as prescribed by Section 1440a. However, the Immigration and Naturalization Service contends that the physical presence which is required by the statute must have occurred immediately preceding petitioner's entry into the Armed Forces. The case of Werblow v. United States, 2 Cir. 1943, 134 F.2d 791, 792, is cited in support of this position. The Werblow case is inapposite for the reason that the Alien Veterans Naturalization Act, 47 Stat. 165 (since repealed, 54 Stat. 1172), which was involved in said case, specifically provided that the required physical presence must have been "immediately preceding the date of his petition." The Court of Appeals affirmed the District Court's decision denying naturalization because the petitioner had not lived here as a permanent resident for at least two years immediately preceding his application. Public Law 86, which is the statute governing the issue in the case at bar, does not contain the words "immediately preceding."

The Courts in this district have interpreted Public Law 86 in a very liberal manner. See In re Apollonio, D.C.S.D. N.Y.1955, 128 F.Supp. 288; In re Zaino, D.C.S.D.N.Y.1955, 131 F.Supp. 456; In re Boubaris, D.C.S.D.N.Y.1955, 134 F. Supp. 613; In re Chan Chick Shick, D.C. S.D.N.Y., 142 F.Supp. 410. In the Boubaris and the Schick cases, supra, it was held that the single period of physical presence which is required by the statute need not commence immediately after a lawful entry. In the Apollonio case, supra, it was said that events occurring subsequent to a lawful admission which deprive a non-immigrant of his lawful status will not be sufficient to deny him of naturalization if he has served honorably in the Armed Forces.

In the instant case, the petitioner was lawfully admitted for permanent residence in 1938 and has served honorably

in the Armed Forces from April 1951 to April 1953. The events which transpired after his entry for permanent residence which deprived him of his immigrant status are not sufficient to preclude him from naturalization at this time. Moreover, petitioner had ten years of physical presence in the United States to his credit when he entered the Army. Therefore, he complies with subdivisions (1) and (2) of Public Law 86, although a compliance with either subdivision is sufficient for naturalization. The petition for naturalization is, therefore, granted.

The foregoing opinion constitutes this Court's Findings of Fact and Conclusions of Law.

So ordered.