Petition for Naturalization of Manuel
TCHAKALIAN.
No. 121326.

United States District Court
N. D. California, S. D.
Dec. 7, 1956.

Jackson & Hertogs, San Francisco, Cal., for petitioner.

**HARRIS, District Judge.**

Petitioner, who served for two years in the Armed Forces of the United States and received an honorable discharge, seeks citizenship status. He has filed his petition under the Act of June 30, 1953, 8 U.S.C.A. § 1440a, which provides for naturalization of aliens who have served actively in the Armed Forces of the United States between June 24, 1950, and July 1, 1955, and who (1) have been lawfully admitted to the United States for permanent residence, or (2) have been lawfully admitted to the United States.

Petitioner, when sixteen years of age, was admitted to the United States with his mother and brothers for transit purposes. The family was purportedly en route to Chile. Actually, they remained here. This was the apparent intention of petitioner's mother at the time of her arrival. The Immigration Service takes the position that petitioner himself intended to remain permanently and hence was not lawfully admitted to the United States.

Petitioner's counsel states that "any desire or intention which she (petitioner's mother) may have had certainly cannot sustain a fraudulent or wilful misrepresentation on the part of the then minor child. This boy, like his brothers, was accompanying his mother to a destination selected by her and which, from the record, appears to have been Chile."

Petitioner places reliance on Petition of Zaino, D.C., 131 F.Supp. 456. In Zaino, the petitioner made an unlawful entry in the United States where he remained for many years. He entered the Armed Forces during the period covered by the above cited statute, and served honorably. He returned from overseas duty and thereafter sought his citizenship. The court held that the entry while in the Armed Forces was a lawful admission within the meaning of the statute and such lawful admission, coupled with a prior residence of more than one year in the United States, entitled him to become naturalized.

It must be conceded that petitioner herein made a proper entry when he returned from overseas duty with the Armed Forces. He had resided in the United States more than one year prior to the time he entered the Army. Thus, under the reasoning of the Zaino decision he is entitled to become naturalized. Judge Dimock, in the Zaino case, at page 458, said:

"I cannot believe that the statute should not be applied, as its language permits, in the case of one unlawfully admitted to the United States, who lived there the required year before entering the Armed Forces, served the United States in Korea and was lawfully admitted to the United States again on his return. It is true that that construction, as a practical matter, makes foreign service the touchstone in many cases. That, however, I do not consider to be a defect."

"The petition is granted."

Petitioner has two brothers who are citizens. One of them obtained his citizenship under conditions similar to those now before the Court.[1] The second

---

1. Counsel for petitioner states: " * * * in the case of Samuel, who was admitted to United States citizenship by the United States District Court at Baltimore, Maryland, on March 8, 1954, while serving in the Armed Forces of the United States at Fort Meade, Maryland, the facts are identical to those in the instant matter, except that in the instant case this petitioner did subsequently depart and reenter the United States lawfully as a member of the Armed Forces. * * * It seems peculiar that in one case the Government will recommend favorably and in the case of another brother, where the facts are substantially identical, will recommend to the Court that the petition be denied."

brother departed from the United States and re-entered as a seaman before he became a member of the Armed Forces. There are several cases holding that a seaman's entry, when made without the intent of permanent residence, is a lawful one and constitutes the necessary prerequisite for meeting the statutory requirements. In re Apollonio, D.C., 128 F.Supp. 288; Petition of Chan Chick Shick, D.C., 142 F.Supp. 410; In re Boubaris, D.C., 134 F.Supp. 613.

Accordingly, it is ordered that the petition for naturalization be, and the same hereby is, granted, and petitioner will be admitted upon taking the required oath.