**Ricaredo Bernabe DELA CENA,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15106.**

United States Court of Appeals
Ninth Circuit.

Nov. 8, 1957.

**342**

———◇———

Howard K. Hoddick, Honolulu, Hawaii, for appellant.

Louis B. Blissard, U. S. Atty., Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Circuit Judge, and FEE and CHAMBERS, Circuit Judges.

DENMAN, Circuit Judge.

Dela Cena appeals from a judgment of the District Court for the District of Hawaii denying his petition for naturalization under any of the several sections of the existing naturalization laws and under the Immigration and Nationality Law of 1940.

Appellant was born in the Philippines, where he enlisted and served in the United States Army in the Philippines and Okinawa from March 5, 1946, to February 11, 1949, a period of less than three years, when he was honorably discharged. He thereafter resided in the Philippines until March 8, 1954, when he enlisted as a seaman in the United States Navy, in which he was serving when his petition was filed. He first came to the United States under naval orders on April 1, 1954, and was stationed here up to the filing of his petition on September 2, 1955. There is no claim that he has been honorably discharged from the Navy, nor have his attorneys claimed that during the process of this litigation he has reached a total of three years' naval service.

Appellant contends that his service in the armed forces entitles him to citizenship under 8 U.S.C.A. § 1440(a) providing, inter alia, that "(2) at any time subsequent to enlistment or induction such person shall have been *lawfully admitted to the United States for permanent residence."* [Emphasis added.] This emphasized phrase is defined as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C.A. § 1101(a)(20).

■ Appellant's petition alleges that he was lawfully admitted to the United States on April 1, 1954. Nowhere is it alleged that on that occasion his coming into the United States on the United States warship Gen. M. Patrick was an admission as an immigrant seeking permanent residence or citizenship. That the parties have stipulated he then desired to become a citizen does not mean that the Navy brought him into the United States as such an immigrant seeking permanent residence or citizenship. The fact that the Navy at any time could remove him for service elsewhere, shows the absence of the Congressional intent that his coming in under Navy orders made him an immigrant admitted for permanent residence.

■ Appellant further advances an argument based on Section 402(e) of the 1952 Act, which appears as a note to 8 U.S.C.A. § 1440, and provides so far as it is here material that:

"Any alien enlisted or reenlisted pursuant to the provisions of this Act who subsequently enters the United States * * * pursuant to military orders shall, if otherwise qualified for citizenship, and after completion of five or more years of military service, if honorably discharged therefrom, be deemed to have been lawfully admitted to the United States for permanent residence within the meaning of such section 329(a) [subsection (a) of Section 1440]."

The difficulty here is that appellant's only honorable discharge was after his less than three years' service in the Army and prior to his entry into the United States. There has been no honorable discharge "after completion of five or more years of military service."

■ The only remaining section of the current law relating to this case is Section 1439, which provides for naturalization of aliens having an aggregate of three years' service in the armed forces. It requires that applicants whose military service has not been continuous must have resided during the interim period or periods in the United States. 8 U.S.C.A. § 1439(c). Since appellant resided in the Philippines in the interim between his Army and Navy service he fails under this requirement and does not argue here that this section applies to him.

■ Appellant urges that he acquired rights under the Immigration Act of 1940 which are not lost by the repeal of that act in 1952. This section invoked is Section 324(a), which provides that military service for a period or periods aggregating three years shall qualify an alien for naturalization thereunder, without regard to residence. Appellant argues that his rights under this section were preserved by the saving clause Section 405(a) of the 1952 Act (which appears in a note to Section 1101, 8 U.S. C.A.), which provides that a "right in

process of acquisition * * * [is] hereby continued in force and effect."

Since appellant had retired from the Army on February 11, 1949 with military service aggregating less than three years and lived in civil life in the Philippines as a Philippine citizen, there was no right "in process of acquisition" in 1952 when Section 405(a) was enacted.

Appellant's case differs from cases relied upon by him, such as United States v. Menasche, 1955, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615, where the saving clause of the Nationality Act of 1952, Section 405(a), kept alive a proceeding for naturalization begun by *an alien's declaration* to become an American citizen under the Naturalization Act of 1940 until the five years required by the repealed act had been attained.

Similarly it differs from Bertoldi v. McGrath, 86 U.S.App.D.C. 1, 178 F.2d 977, where the same saving clause continued the *existing* residence of less than five years of a child seeking citizenship at the enactment of Section 405(a) to meet the required five years. Likewise it differs from In re Echiverri, D.C.1955, 131 F.Supp. 674, where Echiverri qualified under Section 1440(a) by having been lawfully admitted, not for permanent residence but as one who "having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces." Likewise since appellant had permanently left service in the Army before he served three years prior to the enactment of Section 405(a) his case is unlike Aure's in Aure v. United States, 8 Cir., 225 F.2d 88, where Aure had had *over three* years of continuous service in the Navy; nor had the appellant an American citizen wife who had filed the preliminary papers for an immigration visa for her husband before the enactment of Section 405(a) as in United States v. Shaughnessy, 2 Cir., 221 F.2d 578.

The judgment is affirmed.