MATTER OF G——

In DEPORTATION Proceedings

A-10955229

*Decided by Board April 24, 1958*

Entry—Under military orders—Failure to comply with conditions of enlistment under Act of June 30, 1950, as amended, deprives alien of right to remain in U.S.—Deportable on "no visa" charge.

(1) Alien dishonorably discharged from United States Armed Forces prior to completing 5 years' service is not entitled to claim lawful residence in the United States on basis of foreign enlistment pursuant to Act of June 30, 1950, as amended, and subsequent entry as member of Armed Forces.

(2) Such alien, having declined opportunity to depart voluntarily from the United States becomes deportable on charge that he entered the United States as an immigrant not in possession of an immigrant visa.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—Immigrant—No valid visa.

## BEFORE THE BOARD

**Discussion:** This case is before us on appeal from a decision entered by the special inquiry officer on January 9, 1958, directing that the respondent be deported from the United States on the charge contained in the order to show cause. Exception is taken to the finding of deportability.

The respondent is a 30-year-old native of Bulgaria who alleges that he is now stateless. His only entry into the United States occurred at the port of New York on November 9, 1955, as a member of the Armed Forces of the United States. He was not in possession of an immigrant visa. He testified that he entered this country pursuant to a law which provided that if he served honorably in the army for 5 years, he could obtain citizenship. He intended to stay in the United States permanently. He admitted that he received an undesirable discharge from the Armed Forces of the United States, effective January 9, 1958, prior to completing 5 years' service. He also admitted that he was offered the opportunity to depart from the United States voluntarily but that he declined to do so. At the hearing he also declined to apply for voluntary departure and

21

stated: "I do not wish to leave the country on my own. If they want me they can deport me."

The respondent apparently joined the United States Army under the provisions of the Act of June 30, 1950 (Public Law 597, 81st Congress, 2d Session) as amended by section 402(e) of the Immigration and Nationality Act. Such amendment appears as a note to 8 U.S.C. 1440 and provides in pertinent part that:

* * * An alien enlisted or reenlisted pursuant to the provisions of this Act who subsequently enters the United States * * * pursuant to military orders shall, if otherwise qualified for citizenship, and after completion of five or more years of military service, if honorably discharged therefrom, be deemed to have been lawfully admitted to the United States for permanent residence within the meaning of such section 329(a) [Immigration and Nationality Act].

Counsel takes issue with the statement of the special inquiry officer that since the respondent does not fall within any of the provisions of section 101(a)(15) of the Immigration and Nationality Act the respondent must, pursuant to section 214(b) of said act, be presumed to be an immigrant at the time of entry in November 1955. Counsel contends that the respondent entered under special legislation, neither as a nonimmigrant nor an immigrant. It is further contended by counsel that although the respondent did not serve for 5 years in the Armed Forces of the United States and did not receive an honorable discharge, the respondent's entry into the United States was lawful and under special legislation and that the respondent is, therefore, not deportable.

Section 284 of the Immigration and Nationality Act, which provides for the admission into the United States of alien members of the armed forces, also provides that nothing contained in such section shall be construed to give to or confer upon any such alien any other privileges, rights, benefits, exemptions, or immunities under the act which are not otherwise specifically granted by the act.

Respondent's admission into the United States was not for permanent residence. He has neither the 5 years of military service nor the honorable discharge required under the provisions of the act of June 30, 1950, as amended by section 402(e) of the Immigration and Nationality Act and, hence, has not acquired legal residence status (*Dela Cena* v. *United States*, 249 F.2d 341, C.A. 9, 1957). As he has not met the conditions which would have changed his admission to that of a lawful admission for permanent residence, he becomes subject to deportation as an immigrant who was not in possession of an immigrant visa at the time of entry. He has been offered the opportunity to depart voluntarily but has declined to do so. Under the circumstances, it is concluded that he is subject to deportation on the charge contained in the order to show cause.

The contentions raised in this case by counsel are somewhat similar to the contentions rejected by the court in *United States ex*

22

*rel. Sommerkamp* v. *Zimmerman*, 178 F.2d 645 (C.A. 3, 1949). There, a native of Germany was brought to the United States in 1942 from Guatemala for internment. In 1946, after the end of the war, a warrant of arrest was issued by the Service charging that Sommerkamp was deportable under the Immigration Act of 1924 as an immigrant not in possession of the proper documents at the time of entry. After he failed to comply with an order of the Board of Immigration Appeals granting him voluntary departure, he was taken into custody by the Service in December 1948 for deportation. It was the contention of Sommerkamp that since he was brought into the United States involuntarily he was not an immigrant within the meaning of the Immigration Act of 1924 and was, therefore, not subject to deportation under that Act. The court held that after the time permitted for voluntary departure had expired the presence of Sommerkamp in the United States was voluntary, that he had made "an entry" within the meaning of the basic immigration act, and that he could be deported as an "immigrant" who had not satisfied the requirements of the law.

In view of our finding that the special inquiry officer has correctly concluded that the respondent is subject to deportation on the charge contained in the order to show cause, the appeal will be dismissed.

**Order:** It is ordered that the appeal be and the same is hereby dismissed.