**In the Matter of Raffaele D'AURIA, Petitioner.**

**No. 98691.**

United States District Court
D. New Jersey.
April 11, 1956.

Patrick A. Kiley, Jersey City, N. J., for petitioner.

Julius Goldberg, Examiner, Immigration and Naturalization Service, Newark, N. J., for the Government.

SMITH, District Judge.

This matter is before the Court on a petition for naturalization, Petition No. 98691, filed under the Immigration and Nationality Act of 1952 as amended 8 U.S.C.A. § 1401 et seq., and the objection thereto interposed by the Examiner of the Immigration and Naturalization Service. The objection is based upon the express provisions of Chapter 162 of the Act of June 30, 1953, 67 Stat. 108, 8 U.S.C.A. § 1440a.

## Facts

### I.

The petitioner, a native and subject of Italy, entered the United States as a stowaway on August 30, 1949. Thereafter he resided continuously with an uncle at Hoboken, New Jersey, until his induction into the Armed Forces of the United States. It is conceded that this entry was illegal and was not a lawful admission within the meaning of the Act.

### II.

The petitioner was inducted into the Armed Forces of the United States on July 8, 1953 and thereafter served honorably until June 24, 1955. He served overseas from December 28, 1953 to May 29, 1955, at which time he reentered the United States, as permitted by law, as a member of the Armed Forces. This reentry is relied upon by the petitioner as a lawful admission within the meaning of the Act.

### III.

The petition for naturalization was filed in this court on December 28, 1955.

### Discussion

It is the contention of the Examiner that the petitioner was not *lawfully admitted* to the United States and therefore cannot qualify for admission to citizenship. The contention is based upon the pertinent provisions of the Act of June 30, 1953, supra, which read as follows: "Notwithstanding the provisions of sections 1421(d) and 1429 of this title, any person, not a citizen, who, after June 24, 1950, and not later than July 1, 1955, has actively served * * * honorably, in the Armed Forces of the United States for a period * * * totaling not less than ninety days and who * * * (2) having been *lawfully admitted* to the United States, and having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces, may be naturalized on petition filed not later than December 31, 1955 * * *." (Emphasis by the Court.) We are inclined to agree with the contention.

It is the contention of the petitioner, however, that his reentry into the United States as a member of the Armed Forces was a *lawful admission* within the meaning of the Act. The contention is based upon the pertinent provisions of Chapter 477 of the Act of June 27, 1952, 66 Stat. 232, 8 U.S.C.A. § 1354, which read as follows: "Nothing contained in this subchapter shall be construed so as to limit, restrict, deny, or affect the coming into * * * the United States of an alien

member of the Armed Forces of the United States who is in the uniform of, or who bears documents identifying him as a member of, such Armed Forces, and who is coming to * * * the United States under official orders or permit of such Armed Forces: Provided, that nothing contained in this section shall be construed to give to or confer upon any such alien *any other privileges, rights, benefits, exemptions, or immunities under this chapter, which are not otherwise specifically granted by this chapter.*" (Emphasis by the Court.) We cannot agree with the contention.

■ It seems reasonably clear upon a mere reading of Chapter 162 of the Act of June 30, 1953, supra, that the preferential treatment therein authorized is available only to those who have served honorably in the Armed Forces and who have been lawfully admitted to the United States either as immigrants or non-immigrants pursuant to the pertinent provisions of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1151 et seq. The prerequisite of lawful admission cannot be lightly regarded. The legislative history as reported in the Legislative History Commentaries, 1953, at page 1716 et seq., seems to support this construction.

■ We are of the opinion that the provisions of Chapter 477 of the Act of June 27, 1952, supra, 8 U.S.C.A. § 1101 et seq., will not avail the petitioner. The reentry of the petitioner as a member of the Armed Forces was lawful but it does not qualify as a lawful admission, as an immigrant or non-immigrant, within the meaning of the Act of June 30, 1953. The former Act did nothing more than preserve the right of the petitioner to re-enter the United States as a member of the Armed Forces but its application did not convert the reentry into a lawful admission for the purposes of naturalization.

## Conclusion

The petitioner was not lawfully admitted to the United States, a prerequisite to naturalization, and therefore his petition for naturalization must be denied.