**Valentin VILLARIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17588.**

United States Court of Appeals
Ninth Circuit.

Sept. 11, 1962.

Phelan & Simmons, Arthur J. Phelan, and Milton T. Simmons, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and James F. Hewitt, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, MERRILL and BROWNING, Circuit Judges.

MATHEWS,* Circuit Judge.

This appeal is from an order of the United States District Court for the

---

*This opinion was written and approved prior to Judge Mathews' death on September 7, 1962.

Northern District of California, Southern Division,[1] denying a petition for naturalization filed by appellant, Valentin Villarin, on January 18, 1960, under 8 U.S.C.A. § 1440(a),[2] which, at all pertinent times, provided:

"Any person who, while an alien or a noncitizen national of the United States, has served honorably in an active-duty status in the military, air, or naval forces of the United States during either World War I or during a period beginning September 1, 1939, and ending December 31, 1946, and who, if separated from such service, was separated under honorable conditions, may be naturalized as provided in this section if (1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence, or (2) at any time subsequent to enlistment or induction such person shall have been lawfully admitted to the United States for permanent residence. * * *"

Appellant was born in the Philippine Islands on November 2, 1897. Until July 4, 1946,[3] he was either an alien or a noncitizen of the United States. Since July 4, 1946, he has been, and is still, an alien. He was admitted to the United States as a non-immigrant alien on October 2, 1959. He has never been admitted for permanent residence.

Appellant enlisted in the naval forces of the United States on August 2, 1928, at which time he was in the United States. He served honorably in an active-duty status in said forces from August 2, 1928, to August 1, 1932, when he was separated from said service under honorable conditions. He enlisted in said forces on October 12, 1932, at which time he was in the Philippine Islands. He served honorably in an active-duty status in said forces from October 12, 1932, to November 11, 1937, when he was transferred to the naval reserve. He was recalled to an active-duty status in said forces on December 16, 1941, and served honorably in said status from December 16, 1941, to January 25, 1947, when he was separated from said service under honorable conditions. The service on which he based his petition was that performed between December 16, 1941, and December 31, 1946.

Because, at the time of his latest enlistment—October 12, 1932—appellant was not in the United States, the Canal Zone, American Samoa or Swains Island, the District Court held he was not entitled to naturalization under 8 U.S.C.A. § 1440(a). We do not agree. We hold that, as used in § 1440(a), the term "enlistment" included appellant's enlistment of August 2, 1928, at which time, as stated above, he was in the United States. That the enlistment of October 12, 1932, was the enlistment next preceding the period of service on which the petition was based is, in our opinion, immaterial.

Tak Shan Fong v. United States, 359 U.S. 102, 79 S.Ct. 637, 3 L.Ed.2d 662, cited in the District Court's opinion, did not arise under § 1440(a) and is not in point here.

Order reversed and case remanded, with directions to enter an order granting appellant's petition for naturalization.

1. In re Petition of Villarin, D.C.N.D.Cal., 196 F.Supp. 589.

2. Section 329(a) of the Immigration and Nationality Act of 1952, 66 Stat. 250.

3. The date on which the Philippines became an independent republic. See 22 U.S.C.A. § 1394 and Proclamation No. 2695, effective July 4, 1946, 11 F.R. 7517, 60 Stat. 1352.