### In re Petition for Naturalization of Benjamin Ordonez TORRES.
### No. 7630.

United States District Court
D. Arizona.
April 29, 1965.

No appearance for petitioner.

Vivion T. Wayland, Designated Naturalization Examiner for Immigration and Naturalization Service.

MUECKE, District Judge.

The petition of Benjamin Ordonez Torres for naturalization, filed on November 24, 1964, under Section 329 of the Immigration and Nationality Act of 1952, as amended, 75 Stat. 654 (1961), 8 U.S. C.A. § 1440(a), is before the Court. The Immigration and Naturalization Service recommends that the petition be granted.

The facts, as demonstrated by the petition, show that the petitioner originally enlisted in the United States Navy at Sangley Point, Cavite, Philippine Islands on December 3, 1953, and served honorably in an active-duty status until his honorable discharge on December 8, 1958. He immediately re-enlisted on December 9, 1958 at Oppana, Japan and was honorably discharged on September 8, 1964. Petitioner again re-enlisted at Phoenix, Arizona on September 9, 1964 and has been serving continuously and honorably to the present time. However, the petitioner has never been lawfully admitted to the United States for permanent residence as that phrase is defined in Section 101(a) (20) of the Immigration and Nationality Act; 8 U.S.C.A. § 1101(a) (20).

Section 329 of the Immigration and Nationality Act (8 U.S.C.A. § 1440(a)) provides that:

"(a) Any person who, while an alien or a noncitizen national of the United States, has served honorably in an active-duty status in the military, air, or naval forces of the United States during either World War I or during a period beginning September 1, 1939, and ending December 31, 1946, or during a period beginning June 25, 1950, and ending July 1, 1955, and who, if separated from such service, was separated under honorable conditions, may be naturalized as provided in this section if (1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence, or (2) at any time subsequent to enlistment or induction such person shall have been lawfully admitted to the United States for permanent residence."

The question presented for the Court's determination is whether or not the petitioner is eligible for naturalization under 8 U.S.C.A. § 1440(a) without a lawful admission [1] to the United States for permanent residence by virtue of the fact that he originally enlisted in the Navy outside the geographical locations specified, but re-enlisted inside the United States after the time specified in the Statute.

The facts in this case are similar to those related in Petition for Naturalization of Convento, 210 F.Supp. 265 (D.C. 1962), affirmed, United States of America v. Convento, 336 F.2d 954 (D.C. Cir. 1964). Convento originally enlisted in

1. On the question of lawful entry into the United States see: Petition for Naturalization of Tchakalian, 146 F.Supp. 501 (D.C.N.D.Cal., 1956); In re Echiverri, 131 F.Supp. 674 (D.C.Hawaii, 1955); Petition for Naturalization of Zaino, 131 F.Supp. 456 (D.C.S.D.N.Y., 1955). Contra In the Matter of D'Auria, 139 F.Supp. 525 (D.C.N.J.1956).

the U. S. Navy at Sangley Point, Cavite, Philippine Islands, on July 17, 1953, and has served continuously and honorably from such date, and was still so serving at the time of his petition, having re-enlisted at San Diego, California, on July 12, 1957.

In sustaining the action of the District Court granting Convento's petition, Chief Judge Bazelon, speaking for the Court of Appeals, stated:

> "While syntax may be better preserved by insisting that the enlistment between June 25, 1950 and July 1, 1955 be the one which occurs in the United States, the words of the statute do not compel it. And there is no indication in the legislative history that Congress faced the problem of re-enlistments."

Furthermore, the District Court in the Convento case stated, 210 F.Supp. 265, at 268, that "Re-enlistment is conceded to be encompassed within the term 'enlistment' under the statute. It is true that this re-enlistment did not precede the period of military service relied upon but the Congressional history of § 1440 does not show that military service had to follow the enlistment rather than precede it."

In another similar case, In re Petition for Naturalization of Zamora, 232 F. Supp. 1017 (S.D.Cal.1964), the District Court adopted the reasoning of the Convento decision in granting the petition for naturalization.

Further weight is given to this trend in the Ninth Circuit by reason of the decision in Villarin v. United States of America, 307 F.2d 774 (9th Cir. 1962), which was commented upon by the District Court in Convento as follows:

> "If a prior disconnected enlistment within the United States was sufficient in the Villarin case, this Court is of the opinion that the subsequent enlistment in the United States of the petitioner herein, based upon continuous service in our armed forces, suffices in the present case."

This Court also is impressed with the reasoning of the Convento case, and accordingly chooses to follow it. Upon the recommendation of the Immigration and Naturalization Service of this Division and District, and the authority of the decisions cited above, it is hereby ordered that the petitioner, Benjamin Ordonez Torres, is eligible for naturalization under Section 329 of the Immigration and Nationality Act, 8 U.S.C.A. § 1440(a), and his petition for naturalization is granted.