**In re Petition for Naturalization of Enrique FECHALIN LADRIDO.**

**No. 60086.**

United States District Court
D. Rhode Island.

Nov. 10, 1969.

## MEMORANDUM OPINION

PETTINE, District Judge.

This is a petition for naturalization filed by a native of the Philippines and heard by a designated officer of the Immigration and Naturalization Service pursuant to Section 329 of the Immigration and Nationality Act (8 U.S.C. § 1440).

The facts as represented to this court by the designated naturalization examiner are that the petitioner originally enlisted in the United States Navy for a period of four years at Cavite City, Philippines on January 27, 1961 and has been serving continuously and honorably since that date. On February 9, 1965 he reenlisted at Subic Bay, Philippines for four years. On February 7, 1968 he executed an agreement to extend his reenlistment for one year at Annapolis, Maryland. This agreement became operative on February 7, 1969, at Davisville, Rhode Island, when his four years reenlistment terminated. The petitioner entered the United States under military orders on February 14, 1961. The petitioner has never been lawfully admitted to the United States as defined in Section 101(a) (20) of the Immigration and Nationality Act (8 U.S.C. § 1101(a) (20)).

The question presented in this case is whether the petitioner's agreement to extend his enlistment on February 7, 1968, which became operative on February 7, 1969, renders the petitioner eligible for naturalization without a lawful admission for permanent residence.

Section 329 provides for an expeditious naturalization of an alien, without a lawful admission for permanent residence, who has served honorably in an active duty status in the armed forces of the United States, if such service was performed during a qualified war period and his enlistment took place in a qualifying geographical area. The qualified war periods defined in the statute are World War I, World War II, the Korean conflict and the present period of Vietnam hostilities. The latter period was

added by the provisions of Section 3 of the Act of October 24, 1968 (82 Stat. 1343–1344). The qualifying geographical areas of enlistment are the United States, the Canal Zone, American Samoa, or Swains Island.

The term enlistment has been extended by judicial decision to include reenlistment, Petition for Naturalization of Convento, 210 F.Supp. 265 (D.D.C. 1962), affirmed, per Curiam, 119 U.S. App.D.C. 35, 336 F.2d 954 (1964). As a result of this decision a lawful admission for permanent residence is not required when, following service performed during a qualified period, but pursuant to an enlistment in an area not geographically qualifying, a reenlistment occurs in a qualifying area.

The term enlistment later was further extended to include a one year extension of a reenlistment, granted while the alien was within a geographically qualifying area, even though the reenlistment which was extended, as well as the initial enlistment which preceded it, occurred in a nonqualifying area, Petition of Ambrocio Navarro Koh, U.S.D.C., Southern District, New York (1964), unreported; Petition of Rolando Parunqao Lapuz, U. S.D.C., Northern District, California (1965), unreported.

However, the Assistant Commissioner, Naturalization, on October 7, 1965 ruled that an advance agreement, upon the future termination of an existing, unexpired enlistment or reenlistment period, that such period will be extended for an additional period of time does not render the serviceman eligible for naturalization under Section 329 without a lawful admission for permanent residence, even though the serviceman made the agreement while he was within a geographically qualifying area.

These agreements to extend an existing tour of duty are not considered extensions for the benefits of Section 329 because they are executed while the serviceman has a term of obligated service remaining, and are unenforceable at that time. Secondly, these agreements are contingent upon the serviceman

being able to perform the agreement. In many instances servicemen execute these agreements to extend their period of obligated service to make them eligible for special assignments they request. These agreements are contingent upon their requests being granted.

█ However, there is no precedent rendering these servicemen eligible for naturalization without an admission for lawful permanent admission when they specifically perform these agreements and in fact extend their tour of duty. As discussed above, extensions of reenlistments, not executed during an existing, unexpired enlistment or reenlistment period, in a qualified area, are considered the equivalent of a reenlistment for purposes of naturalization under Section 329, Petition of Ambrocio Navarro Koh and Petition of Rolando Parunqao Lapuz, supra.

In the instant case, the petitioner executed an agreement in advance to extend his reenlistment for one year on February 7, 1968 at Annapolis, Maryland, when he was obligated to serve until February 7, 1969. This agreement to extend his tour of duty did not make the petitioner eligible for naturalization under Section 329 without a lawful admission for permanent residence. However, his service record furnished by the Bureau of Naval Personnel, Department of Navy, Washington, D. C. (Exhibit 1) shows that the agreement executed on February 7, 1968 became operative on February 7, 1969 at Davisville, Rhode Island.

It would be inequitable to deny the petitioner the benefits of naturalization under Section 329 when he was required to comply with the terms of his agreement on the conclusion of his 1965 reenlistment because the agreement was made while he had remaining obligated service.

On February 7, 1969 his agreement to extend his reenlistment was no longer a contingency but an extension in fact. On that date he was legally obligated to perform that agreement by extending

his previous reenlistment for one year. On that date he was stationed at Davisville, Rhode Island, a geographically qualifying area as specified by the statute.

It is concluded that the petitioner is eligible for naturalization under the provisions of Section 329 without a lawful admission for permanent residence since he was required to carry out his previously executed agreement and thereby actually extended his military service in a qualified area. It is, therefore, ordered that the petition for naturalization be and the same hereby is granted.