**In the Matter of Petition for Naturalization of Antonio Maria GABRIEL.**

**No. 9593.**

United States District Court,
D. Puerto Rico.

Jan. 19, 1970.

## OPINION GRANTING PETITION FOR NATURALIZATION

CANCIO, Chief Judge.

This matter coming on to be heard on the Designated Examiner's recommendation pursuant to Title 8, Section 1446 (d) of the United States Code, the court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

The Petitioner, a 32 year old native and national of the Republic of the Philippines, filed his petition for naturalization in this court on April 3, 1969, on which date a preliminary examination of the petitioner was conducted pursuant to the provisions of Title 8, United States Code, Section 1446, by a Designated Naturalization Examiner of the Immigration and Naturalization Service of the United States Department of Justice. The Examiner thereafter filed with the court a recommendation that the petition for naturalization be granted.

The issue in this case is whether the petitioner has satisfied the statutory requirement of an enlistment in the United States. The issue arises from the fact that the petitioner enlisted in the United States Navy at Quezon City, Philippine Islands, on January 16, 1959, and served honorably in an Active Duty status from January 16, 1959 to January 15, 1964. His original enlistment in the United States Navy in the Philippine Islands was for four years, and his original and only enlistment was extended for one year at San Juan, Puerto Rico, from January 16, 1963 to January 15, 1964.

While in the United States Navy, his only entries to the United States were as a member of the Armed Forces pursuant to the provisions of Section 284 of the Immigration and Nationality Act (8 U.S.C. § 1354) which did not constitute admissions for permanent residence.

The sole question before the court is whether the petitioner's extension of the enlistment in the United States Navy at San Juan, Puerto Rico, has the same legal significance under Section 329(a) of the Immigration and Nationality Act as an enlistment or induction in the United States (8 U.S.C. § 1440).

### CONCLUSIONS OF LAW

This is a petition for naturalization filed under Section 329(a) of the Immigration and Nationality Act as amended by Section 8, Act of September 26, 1961 (8 U.S.C. § 1440(a), 75 Stat. 654), and Section 8 of the Act of October 24, 1968 (8 U.S.C. § 1440(a) 82 Stat. 1344). The relevant portion of the statute provides for the naturalization of an alien who has served honorably in an Active Duty status in the Armed Forces of the United States during a period beginning February 28, 1961, and ending on a date designated by the President by Executive Order as of the date of termination of the Vietnam hostilities " * * if (1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence, * * * "

The extension of petitioner's enlistment was then authorized under the provisions of 10 U.S.C. § 5539, as amended September 7, 1962, Public Law 87–649, Section 14(c) (27) 76 Stat. 501, and which in pertinent part provided that:

(a) Under regulations prescribed by the Secretary of the Navy with

the approval of the President, a member of the Regular Navy or the Regular Marine Corps may extend or re-extend his enlistment by written agreement for less than one year or for a period of one, two, three or four full years. * *

Although there have been various cases dealing with enlistments and re-enlistments, there have been before the courts few cases dealing with extensions of enlistments. However, it has been held that an enlistment occurring before the statutory military period qualified the petitioner for naturalization under Section 329(a). Villarin v. United States, 307 F.2d 774 (9th Cir., 1964). In the same year, another court held that an enlistment occurring after the statutory military period also qualified the petitioner for naturalization under Section 329(a). United States v. Convento, 119 U.S.App.D.C. 35, 336 F.2d 954 (1964). It is obvious that the question of enlistments before and after the required statutory military periods has been settled prior to this petition, and this court is of the opinion that these decisions granting citizenship should be followed.

In considering the question of re-enlistments, it has been determined that a petitioner was eligible for naturalization under Section 329(a) without a lawful admission to the United States for permanent residence by virtue of the fact that the petitioner had originally enlisted in the United States Navy outside the geographical locations specified in Section 329(a) but had re-enlisted in the United States after the statutory period. In re Torres, 240 F.Supp. 1021 (D.C. Ariz.1965). In another re-enlistment case, the court adopted the reasoning of the decision in the Convento Case, *supra*, and stated:

> In sustaining the action of the District Court granting Convento's petition for naturalization, Judge, Bazelon speaking for the court of appeals, said "Easing naturalization requirements for those who have served our country in wartime is a congressional policy of long standing. It is not simply a matter of reward; it is also a recognition that no further demonstration of attachment to this country and its ideal is necessary. Since appellee's case is within this congressional aim, the statute should not be read restrictively to bar him unless it is expressly commanded. While syntax may be better preserved by insisting that the enlistment between June 25, 1950 and July 1, 1955 be the one which occurs in the United States, the words of the statute do not compel it. And there is no indication in the legislative history that Congress faced the problem of re-enlistments. In the absence of the clearest indication that Congress intended to confer well-merited benefits in arbitrary and niggardly fashion, we must assume it did not".

Considering the record, in toto, the petitioner's testimony in court, the examiner's recommendation, and the aforementioned authorities, it is the court's opinion that the petitioner's honorable military service should be valid for all purposes, including naturalization, and that the petitioner's extension of his enlistment at San Juan, Puerto Rico, in 1963 should have the same legal significance under Section 329(a) as an enlistment in the United States. The equities are with the petitioner. Justice demands that his military service be considered valid for all purposes, including naturalization, and the petitioner has, therefore, qualified for citizenship under Section 329(a) of the Immigration and Nationality Act. The court therefore adopts the findings of fact and conclusions of law of the Designated Examiner.

Let judgment be entered accordingly.

## ORDER

Pursuant to and in conformity with the Findings of Fact and Conclusions of Law contemporaneously entered herein,

It is ordered, adjudged, and decreed that the Petition for Naturalization of Antonio Maria Gabriel be, and the same hereby is, granted.