In re Petition for Naturalization of
Rodolfo Garcia ROQUE.

No. 3357-M.

United States District Court,
S. D. Mississippi, S. D.

Dec. 3, 1971.

NIXON, District Judge.

Rodolfo Garcia Roque, a 31 year old native and national of the Republic of the Philippines, filed his petition for naturalization on July 13, 1971, under Section 329(a) of the Immigration and Nationality Act (8 U.S.C. § 1440). The question presented is whether the extension of petitioner's enlistment in the United States Navy at Oak Harbor, Washington on September 10, 1965 satisfies the statutory requirement of an enlistment in the United States.

The petitioner was accorded a preliminary investigation under oath prior to the filing of the petition for naturalization, during which he orally testified that he had enlisted in the United States Navy on September 11, 1959 at Cavite City, Philippine Islands for six years. He further testified that his enlistment was extended at Oak Harbor, Washington on September 10, 1965 and that on June 11, 1966, while stationed at Iwakuni, Japan, he re-enlisted for six years, and that he agreed to extend that enlistment for five months on November 2, 1970 at Gulfport, Mississippi. The evidence of record, furnished by the Chief of Naval Personnel, establishes that the petitioner enlisted in the United States Navy at Cavite City, Philippine Islands on September 11, 1959, that he extended his enlistment for one year at Oak Harbor, Washington on September 10, 1965, that he re-enlisted for six years at Iwakuni, Japan on June 11, 1966, and he agreed to extend his enlistment for five months at Gulfport, Mississippi on November 2, 1970. All service has been in an Active Duty status and under honorable conditions, and his agreement to extend enlistment executed on July 27, 1965 for one year was effective at Oak

Harbor, Washington on September 10, 1965. While in the United States Navy his only entries to the United States were as a member of the Armed Forces pursuant to the provisions of Section 284 of the Immigration and Nationality Act (8 U.S.C. § 1354) which did not constitute admissions for permanent residence.

This is a petition for naturalization filed under Section 329(a) of the Immigration and Nationality Act, as amended by Section 8, Act of September 26, 1961 (8 U.S.C. § 1440(a), 75 Stat. 654) and Section 3, Act of October 24, 1968 (8 U.S.C. § 1440(a), 82 Stat. 1344). The relevant portion of the statute provides for the naturalization of an alien who has served honorably in an active-duty status in the armed forces of the United States between June 25, 1950 and July 1, 1955, or during a period beginning February 28, 1961, and ending on a date designated by the President by Executive Order as of the date of termination of the Vietnam hostilities, " . . . . if (1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence . . .."

The petitioner enlisted in the United States Navy at Cavite City, Philippine Islands on September 11, 1959 for six years, extended his enlistment for one year at Oak Harbor, Washington on September 10, 1965. He re-enlisted at Iwakuni, Japan for six years on June 11, 1966 and entered into an agreement to extend that enlistment at Gulfport, Mississippi on November 2, 1970.[1]

The issue is whether the petitioner's extension of the enlistment in the United States Navy at Oak Harbor, Washington has the same legal significance under Section 329(a) of the Immigration and Nationality Act as an enlistment or induction.

In the case of In re Gabriel, 319 F. Supp. 1312 (D.C.Puerto Rico, 1970), the Court determined that the petitioner therein who had enlisted in the United States Navy at Quezon City, Philippine Islands for four years in January, 1959 and extended his enlistment for one year at San Juan, Puerto Rico on January 16, 1963 was eligible for naturalization under the provisions of Section 329(a). In language quite apropos to the case sub judice the Court noted:

> "The equities are with the petitioner. Justice demands that his military service be considered valid for all purposes, including naturalization, and the petitioner has, therefore, qualified for citizenship under Section 329(a) of the Immigration and Nationality Act."[2] 319 F.Supp. at 1314.

---

1. Extension of enlistments were authorized under the provisions of 10 U.S.C. § 5539, as amended September 7, 1962, Public Law 87–649 § 14(c) (27), 76 Stat. 501, since repealed by Public Law 90–235, Section 2(a) (3), January 2, 1968, 81 Stat. 756 and subsequently re-enacted as Sec. 509 of Public Law 90–235, and which, in pertinent part, provide that:

     "(a) Under regulations prescribed by the Secretary of the Navy with the approval of the President, a member of the Regular Navy or the Regular Marine Corps may extend or re-extend his enlistment by written agreement for less than one year or for a period of one, two, three, or four full years . . . .

     (b) [Repealed (relates to pay and allowances; repositioned to 37 U.S.C. 906).]

     (c) When a member is discharged from an enlistment that has been extended under this section, he has the same rights, privileges, and benefits that he would have if discharged at the same time from an enlistment not so extended."

2. In considering the question of agreement to extend enlistments, the Court in In re Fechalin Ladrido, 307 F.Supp. 799, (D.C.R.I., 1969), determined that the petitioner's extension of enlistment in a qualifying area rendered him eligible for naturalization subsequent to the effective date of the extension, one year thereafter. In the instant case, however, the petitioner's extension of enlistment at Gulfport, Mississippi, will not become effective until June, 1972. Although un-

The petitioner has spent the last twelve years in the service of this country and it would be a mockery of justice to deny him the full benefits of that military service.

It is therefore the opinion of this Court that the petitioner's extension of enlistment at Oak Harbor, Washington on September 10, 1965 has the same legal significance as an enlistment and the petitioner is thus qualified for naturalization under the provisions of Section 329(a) of the Immigration and Nationality Act (8 U.S.C. § 1440(a) ).

necessary for a determination herein, this Court is of the opinion that the effective date of an agreement to extend enlistment is not the determinative factor in a petitioner's eligibility for naturalization under Section 329(a), but rather the actual execution, in a qualified area, of the agreement to extend an enlistment.