### In re Petition for Naturalization of Paulino Almazan ALON.

### No. 21582–M.

United States District Court,
E. D. Louisiana.

May 2, 1972.

MITCHELL, District Judge.

Paulino Almazan Alon a native and national of the Republic of the Philippines, filed his petition for naturalization on September 29, 1971, under Section 329(a) of the Immigration and Nationality Act.[1]

The relevant portion of the statute provides for the naturalization of an alien who has served honorably in an active-duty status in the armed forces of the United States during a period beginning February 28, 1961, and ending on a date

1.  8 U.S.C. § 1440.

designated by the President by Executive Order as of the date of termination of the Viet Nam hostilities, if, " * * * at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence * * *."

The record establishes that petitioner enlisted in the United States Navy at Cavite City, Philippine Islands on January 16, 1957 that he re-enlisted at Subic Bay, Philippine Islands on December 16, 1960, that he extended that enlistment for one year at Point Mugu, California on December 16, 1966, that he re-enlisted for four years while stationed in Viet Nam on September 19, 1967 and re-enlisted at Subic Bay, Philippine Islands on June 23, 1971. While in the United States Navy, petitioner's only entries to the United States were as a member of the armed forces which did not constitute admissions for permanent residence.

The issue presented is whether the extension of petitioner's enlistment in the United States Navy at Point Mugu, California on December 16, 1966 has the same legal significance as an enlistment and thus qualifying him for naturalization under Sec. 329(a) of the Immigration and Naturalization Act. We hold that it does.

In light of the foregoing, and the Examiner's recommendation,[2] this court adopts the findings of fact and conclusions of law of the Designated Examiner.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION OF DESIGNATED NATURALIZATION EXAMINER

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

1. The undersigned, duly designated under the Immigration and Nationality Act to conduct preliminary examinations upon petitions for naturalization, respectfully admits that the above-named petitioner for naturalization, a 42-year-old native and national of the Republic of the Philippines, filed his petition for naturalization on September 29, 1971, under Section 329(a) of the Immigration and Nationality Act (8 U.S.C. § 1440).

The question presented is whether the extension of petitioner's enlistment in the United States Navy at Point Mugu, California on December 16, 1966 satisfies the statutory requirement of an enlistment in the United States.

2. On September 29, 1971, the petitioner was accorded a preliminary investigation under oath prior to the filing of the petition for naturalization, during which he orally testified that he had enlisted in the United States Navy on January 16, 1957 at Cavite City, Philippine Islands for four years. He was discharged on December 15, 1960 and re-enlisted on December 16, 1960 at Subic Bay, Philippine Islands for six years. On December 16, 1966 he extended his enlistment at Point Mugu, California for one year. The evidence of record, furnished by the Chief of Naval Personnel, establishes that the petitioner enlisted in the United States Navy at Cavite City, Philippine Islands on January 16, 1957, that he re-enlisted at Subic Bay, Philippine Islands on December 16, 1960, that he extended that enlistment for one year at Point Mugu, California on December 16, 1966, that he re-enlisted for four years while stationed in Viet Nam on September 19, 1967, and he again re-enlisted at Subic Bay, Philippine Islands on June 23, 1971 and is presently serving in an active duty status. (Exhibit # 1). All service has been in an active duty status and under honorable conditions, and his extension of one year was effective at Point Mugu, California on December 16, 1966. (Exhibit # 2).

2. This matter was heard upon the recommendation of the Designated Examiner, pursuant to 8 U.S.C. § 1446(d), that the petition for naturalization, filed September 29, 1971 be granted.

While in the United States Navy his only entries to the United States were as a member of the Armed Forces pursuant to the provisions of Section 284 of the Immigration and Nationality Act (8 U.S.C. § 1354) which did not constitute admissions for permanent residence.

3. This is a petition for naturalization filed under Section 329(a) of the Immigration and Nationality Act, as amended by Section 8, Act of September 26, 1961 (8 U.S.C. § 1440(a), 75 Stat. 654) and Section 1, Act of October 24, 1968 (8 U.S.C. § 1440(a), 82 Stat. 1343). The relevant portion of the statute provides for the naturalization of an alien who has served honorably in an active-duty status in the armed forces of the United States between June 25, 1950 and July 1, 1955, or during a period beginning February 28, 1961, and ending on a date designated by the President by Executive Order as of the date of termination of the Viet Nam hostilities, " . . if (1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence. . . . "

The petitioner enlisted in the United States Navy at Cavite City, Philippine Islands on January 16, 1957 for three years, re-enlisted on December 16, 1960 at Subic Bay, Philippine Islands and he extended that enlistment for one year at Point Mugu, California on December 16, 1966. He re-enlisted at Viet Nam on September 19, 1967 for four years, and entered his present re-enlistment at Subic Bay, Philippine Islands on June 23, 1971.

Extension of enlistments were authorized under the provisions of 10 U.S.C. § 5539, as amended September 7, 1962, Public Law 87–649–S 14(c) (27) 76 Stat. 501, since repealed by Public Law 90–235, Section 2(a) (3), January 2, 1968, 81 Stat. 756 and subsequently re-enacted as Sec. 509 of Public Law 90–235, and which, in pertinent part, provided that:

"(a) Under regulations prescribed by the Secretary of Navy with the approval of the President, a member of the Regular Navy or the Regular Marine Corps may extend or re-extend his enlistment by written agreement for less than one year or for a period of one, two, three, or four full years . . .

(b) Repealed (relates to pay and allowances; repositioned at 37 U.S.C. 906).

(c) When a member is discharged from an enlistment that has been extended under this section, he has the same rights, privileges and benefits that he would have if discharged at the same time from an enlistment not so extended."

The issue is whether the petitioner's extension of the enlistment in the United States Navy at Point Mugu, California has the same legal significance under Section 329(a) of the Immigration and Nationality Act as an enlistment or induction.

In a case directly in point, presented by the undersigned in the United States District Court for the District of Puerto Rico, Chief Judge Hiram R. Cancio granted citizenship to a petitioner who had enlisted in the United States Navy at Quezon City, Philippine Islands for four years in January 1959 and extended his enlistment for one year at San Juan, Puerto Rico on January 16, 1963. In granting citizenship, Chief Judge Cancio said, "The equities are with the petitioner. Justice demands that his military service be considered valid for all purposes, including naturalization, and the petitioner has, therefore, qualified for citizenship under Section 329(a) of the Immigration and Nationality Act." In Re Gabriel, 319 F.Supp. 1312, 1314 (D.C. Puerto Rico 1970).

In another case directly in point, in the United States District Court for the Southern District of Mississippi at Biloxi, Mississippi, also presented by the undersigned, the court granted citizenship to a petitioner who had enlisted in the

United States Navy on September 11, 1959 at Cavite City, Philippine Islands for six years and had extended his enlistment at Oak Harbor, Washington on September 10, 1965. Petition for Naturalization of Roque, 339 F.Supp. 339, (S.D.Miss., 1971). (Exhibit #3).

It can be readily observed that the facts of the instant case are almost identical to the *Roque* case cited above, and the *Gabriel* case, supra.

4. Pursuant to the provisions of Section 335 of the Immigration and Nationality Act (8 U.S.C. § 1446), I hereby make the following findings of fact and conclusions of law:

FINDINGS OF FACT:

(a) That the petitioner filed a petition for naturalization on September 29, 1971;

(b) That the petitioner enlisted in the United States Navy on January 16, 1957 at Cavite City, Philippine Island for three years;

(c) That the petitioner re-enlisted for six years at Subic Bay, Philippine Islands on December 16, 1960;

(d) That the petitioner extended his enlistment at Point Mugu, California on December 16, 1966;

(e) That the petitioner re-enlisted for four years in Viet Nam on September 19, 1967;

(f) That the petitioner re-enlisted at Subic Bay, Philippine Islands on June 23, 1971 and is presently serving under that enlistment;

(g) That all military service performed by petitioner was in an active-duty status and under honorable conditions;

(h) That petitioner has never been admitted to the United States for permanent residence.

CONCLUSIONS OF LAW:

(a) That an extension of an enlistment in the United States Navy in the United States has the same legal significance under Section 329(a) of the Immigration and Nationality Act (8 U.S.C. § 1440 (a)) as an enlistment;

(b) That petitioner's extension of his enlistment at Point Mugu, California on December 16, 1966 qualifies him for naturalization under the provisions of Section 329 (a) of the Immigration and Nationality Act (8 U.S.C. § 1440 (a));

(c) That the petitioner may be naturalized under the provisions of Section 329(a) of the Immigration and Nationality Act (8 U.S.C. § 1440(a)).

5. I recommend that this petition for naturalization be granted and that all the facts as hereinabove set forth be presented to the Court.

Respectfully submitted,

(s) William M. Darlington

WILLIAM M. DARLINGTON
Designated Naturalization Examiner

May 2, 1972
(Date)