**Petition of YIU NAM DONN.**

**Appeal of UNITED STATES of America.**

No. 74–1206.

United States Court of Appeals, Third Circuit.

Argued Sept. 19, 1974.

Decided Feb. 25, 1975.

John L. Murphy, DeWitt R. Dent, Washington, D. C., Robert P. Trout, Dept. of Justice, Crim. Div., Washington, D. C., for appellant.

Casimir F. Sojka, New York City, Edward L. Dubroff, Brooklyn, N. Y., for appellee.

Before VAN DUSEN, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

§ 329 of the Immigration and Nationality Act, 8 U.S.C. § 1440(a), allows citizenship to aliens who have served actively in the armed forces during specified periods of wartime or hostilities. Active duty service during both the Korean and Vietnamese conflicts is included. In this case, we hold that an alien, who served actively in Korea after the Korean cease-fire, and who was on inactive duty during the Vietnamese conflict, does not qualify for citizenship under § 329 of the Act. The contrary holding of the district court [1] is reversed.

Yiu Nam Donn, a native of Mainland China, entered the United States in 1952, as the alleged son of a United States citizen. On the basis of his father's alleged citizenship, Donn was issued a certificate of citizenship in 1955 under § 341 of the Act, 8 U.S.C. § 1452.

Appellee Donn served actively in the military forces from 1958 to 1960 and was assigned to Korea for one year of that period. Subsequent to his active duty assignment, he was a member of the standby reserve from 1960 to 1964. [2]

Mr. Donn subsequently learned that his father had not in fact been an American citizen. Upon learning this infor-

---

1. Petition of Donn, 369 F.Supp. 669 (D.N.J., 1973).

2. Mr. Donn is married to a permanent resident alien and is the father of two children who are citizens by reason of their birth in this country.

   At oral argument, the government indicated that if Mr. Donn's § 329 petition were denied, he would have had to return to Hong Kong to apply there for permanent resident status. At the court's request, the government reexam-

ined Mr. Donn's status. In view of the exceptional nature of this case, Mr. Donn was not required to return to Hong Kong. The court has been furnished with proof that Donn has recently been granted permanent resident status. He will be eligible to apply for citizenship in five years on the basis of his permanent resident status, or in three years if his wife should become a naturalized citizen in the interim.

mation from Mr. Donn, the Immigration and Naturalization Service cancelled Donn's certificate of citizenship. Donn then filed this petition for naturalization under § 329 of the Act based on his military service.

Although there are cases construing servicemen's citizenship petitions in a liberal fashion, no cases have gone so far as petitioner would have us go. § 329 of the Act specifically states:

> Any person who, while an alien . . . has served honorably in an *active*-duty status in the military . . . forces of the United States during . . . *a period beginning June 25, 1950, and ending July 1, 1955,* or during the *period beginning February 28, 1961, and ending on a date designated by* . . . Executive order . . . may be naturalized . . . .[3] (Emphasis added).

**3.** The complete text of § 329, 8 U.S.C. § 1440(a) provides:

> Any person who, while an alien or a noncitizen national of the United States, has served honorably in an active-duty status in the military, air, or naval forces of the United States during either World War I or during a period beginning September 1, 1939, and ending December 31, 1946, or during a period beginning June 25, 1950, and ending July 1, 1955, or during a period beginning February 28, 1961, and ending on a date designated by the President by Executive order as of the date of termination of the Vietnam hostilities, or thereafter during any other period which the President by Executive order shall designate as a period in which Armed Forces of the United States are or were engaged in military operations involving armed conflict with a hostile foreign force, and who,. if separated from such service, was separated under honorable conditions, may be naturalized as provided in this section if (1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence, or (2) at any time subsequent to enlistment or induction such person shall have been lawfully admitted to the United States for permanent residence. The executive department under which such person served shall determine whether persons have served honorably in an active-duty status, and whether separation from such service was under honorable conditions:

.The district court held, and petitioner Donn argues, that this petition comes within the spirit of the Act for two reasons. The period of the Korean war is covered by § 329. Although Mr. Donn did not serve during that period, he served in Korea, where tensions continued even after the 1955 termination of active fighting. Secondly, Mr. Donn argues that during the Vietnam period he was in standby service, ready to be called up at any time.

This argument must fail because it asks us to rewrite a statute which requires active duty service during a specified period rather than service in any specific place or service in the standby reserves.[4]

We simply cannot agree that the cases construing § 329 liberally are helpful to Mr. Donn. In United States v. Conven-

> *Provided, however,* That no person who is or has been separated from such service on account of alienage, or who was a conscientious objector who performed no military, air, or naval duty whatever or refused to wear the uniform, shall be regarded as having served honorably or having been separated under honorable conditions for the purposes of this section. No period of service in the Armed Forces shall be made the basis of a petition for naturalization under this section if the applicant has previously been naturalized on the basis of the same period of service.

**4.** In 10 U.S.C. § 101(22), Active duty is defined as:

> "Active duty" means a full-time duty in the active military service of the United States. It includes duty on the active list, full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned.

Standby reserve in contrast is defined by 10 U.S.C. § 273(a) as:

> The Standby Reserve consists of those units or members, or both, of the reserve components, other than those in the Ready Reserve or Retired Reserve, who are liable for active duty only as provided in sections 672 and 674 of this title.

Although Standby reserve members are eligible for active duty, they are clearly not on active duty.

to, 119 U.S.App.D.C. 35, 336 F.2d 954 (1964) the court affirmed a judgment granting naturalization under § 329 of the Act. The petitioner in that case had enlisted in 1953 while in the Philippines. Although he had enlisted during the Korean war, his first enlistment had not occurred within the United States as required by § 329. The court granted naturalization because Convento had reenlisted in the Navy while in the United States, although after the Korean war had ended. Judge Bazelon's concurring opinion, relied on by the district court in this case, states:

> Easing naturalization requirements for those who have served our country in wartime is a congressional policy of long standing. It is not simply a matter of reward, it is also a recognition that no further demonstration of attachment to this country is necessary. Since appellee's case is within the congressional aim, the statute should not be read restrictively to bar him unless it is expressly commanded. . . . In the absence of the clearest indication that Congress intended to confer well-merited benefits in arbitrary and niggardly fashion, we must assume that it did not. 336 F.2d at 954–55.

The instant case is distinguishable from *Convento* where the petitioner complied with all the requirements of the statute but merely performed the requirements (enlistment within the United States, and active duty service during the Korean war) in successive enlistments rather than in one. In this case, Mr. Donn has not met the requirements of § 329. His active duty service simply did not occur during a period specified by Congress. It is not within our power to rewrite the statute to encompass Mr. Donn's petition.[5]

The Supreme Court has decided only two cases dealing with servicemen's petitions. In Immigration and Naturalization Service v. Hibi, 414 U.S. 5, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973) the Supreme Court held that a cut-off date for naturalization petitions must be strictly construed against the alien despite the fact that the Court of Appeals had weighed the equities in favor of petitioner.

In Tak Shan Fong v. United States, 359 U.S. 102, 79 S.Ct. 637, 3 L.Ed.2d 662 (1959) the Supreme Court held that § 329 did not apply where an alien had unlawfully entered the United States prior to his honorable military service during the Korean war. Mr. Justice Brennan stated for the Court:

> Of course, we must be receptive to the purpose implicit in legislation of this sort, to express gratitude of a country toward aliens who render service in its armed forces in its defense. But that does not warrant our rationalizing to an ambiguity where fairly considered none exists, *or extending the generosity of the legislation past the limits to which Congress was willing to go.* 359 U.S. at 107, 79 S.Ct. at 641 (emphasis added).

It is clear that the instant petition does not fall within the language of § 329 which requires active duty during a specified period. In light of the prohibition, reiterated in *Tak Shan Fong*, against extending the limits of a statute beyond a point which Congress was willing to go, we cannot affirm the granting of a petition which does not come within the scope of § 329.

For the foregoing reasons, the district court order granting naturalization will be reversed.

---

5. The other cases relied on by petitioner are not helpful. In Villarin v. United States, 307 F.Supp. 774 (9th Cir., 1962) petitioner complied with all the requirements of § 329 with sequential enlistments. *See also* In Re Gabriel, 319 F.Supp. 1312 (D.P.R., 1970). United States v. Rosner, 249 F.2d 49 (1st Cir., 1957) construed § 328, not § 329. Although it read § 328 in an extremely liberal manner, this case predated some more restrictive Supreme Court cases *infra*. The precedential value of *Rosner*, therefore, is limited. In Re Sing's Petition, 163 F.Supp. 922 (N.D.Cal., 1958) dealt with a different aspect of the statute and is not relevant here.

Although In Re Todorov, 253 F.Supp. 977 (N.D.Ill., 1966) does discount the active duty requirement, we are simply not inclined to follow that case.