United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30327
Summary Calendar
_____

AGHA N. GUL,

                                        Petitioner-Appellant,

versus

MIKE ROZOS, District Director of BICE/DHS;
ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CV-1237-RGJ
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Agha N. Gul, an immigration detainee, filed a 28 U.S.C. § 2241 petition in which he challenged his continued detention under Zadvydas v. Davis, 533 U.S. 678 (2001), argued that he received inadequate medical care, and alleged that he was a United States citizen. The district court denied the continued detention claim, construed the medical care claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and dismissed it without prejudice due to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improper venue, and determined that it lacked jurisdiction over the citizenship claim.  Gul timely appealed.

We note first that the Real ID Act[**] stripped the district courts of jurisdiction over 28 U.S.C. § 2241 petitions attacking removal orders.  See Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 735-36 (5th Cir. 2005).  To the extent that Gul's petition challenged his continued detention rather than the final order of removal, nothing in the Real ID Act precluded the district court from adjudicating the claim.  Gul argues that his continued detention following his March 22, 2004, removal order is unlawful because he has been detained for longer than the six month period that the Supreme Court held was reasonable in Zadvydas.

The district court held, and the record shows, however, that Gul hampered his own removal in August 2004 by claiming that he had pending litigation in the Supreme Court and that he knew the whereabouts of Osama Bin Laden, thereby extending the removal period of 8 U.S.C. § 1231(a)(1)(A).  See Balogun v. INS, 9 F.3d 347, 350-51 (5th Cir. 1993).  Nevertheless, Gul is still in detention over one year after this interference.  The Government does not claim that Gul has continued to hinder removal efforts and offers no explanation for the continued delay.  Therefore, we

---

[**] The REAL ID Act is part of the much broader Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).

vacate and remand to the district court for further proceedings to determine whether "there is no significant likelihood of removal in the reasonably foreseeable future" given the current state of the case. Zadvydas, 533 U.S. at 701.

With the benefit of liberal construction, Gul also challenges the district court's dismissal of his inadequate medical care claims. However, he does not brief the basis for the district court's dismissal, namely improper venue, and the claim is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Therefore, the district court's judgment dismissing those claims is affirmed.

Finally, Gul asserts that he is a United States citizen, having signed naturalization paperwork in 1985 while serving in the army. Gul unsuccessfully raised this claim before the Bureau of Immigration Affairs. To the extent that it challenges the removal order, this claim was subject to transfer to the court of appeals for treatment as a petition for review, and we now construe it as such a petition. See 8 U.S.C. § 1252(a)(5) & (b)(5); Real ID Act, Pub. L. 109-13, Div. B, Title I, § 106(c). Petitions for review must be "filed in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2) (1999 & Supp. 2005). Because Gul's removal proceedings were completed in Atlanta this court is not the proper venue. See id. Due to the unfairness of

requiring the parties to relitigate this issue in a new forum, however, we will not raise the non-jurisdictional venue issue sua sponte. See Jama v. Gonzales, __ F.3d __, No. 03-30675, 2005 WL 3047263 at *2 (5th Cir. Nov. 15, 2005). We conclude that Gul has failed to show that he is a United States citizen. Gul fails to show that his naturalization application was ever granted, and he derives no special benefit from his military service during a period not specified by statute. See 8 U.S.C. § 1440(a); see also Petition of Yiu Nam Donn, 512 F.2d 808, 810 (3d Cir. 1975). His petition for review is therefore DENIED.

Gul's motions to stay deportation pending appeal, to file a supplemental brief, to expedite the appeal, and for bail pending appeal are denied.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.